Davis v. Haydon et al.

---

## LEVI DAVIS, Auditor of Public Accounts, v. WILLIAM HAYDON et al.

### Debt on Bond.

To a declaration in an action of debt on a sheriff's bond, for a breach of duty on the part of the sheriff, in failing to pay over taxes collected, the defendants pleaded, that the bond was not presented to, or approved by, the judge of the Circuit Court of the county, at the next or any succeeding term thereof; and that the principal in the bond did not, by virtue of his office as sheriff, receive any taxes between the time of the approval of the bond by the clerk and the next term of the Circuit Court: *Held*, that the plea was bad, and that the bond was valid, until disapproved by the Court, and that the disapproval, not the want of approval, would make the office vacant, but not the bond void.

It is a rule in the construction of statutes, that all the provisions are to be taken together, in ascertaining the intention of the law-giver.

*Semble*, That a sheriff's bond would not become void, by a failure to take and subscribe the oaths of office. But until his complete qualification, his sureties would not be bound, and his neglect to qualify within the time limited, would vacate the office.

*Semble*, That the only way, provided by statute, for vacating the office of sheriff, is either by the judge's disapproving of the bond, or the failure of the sheriff to produce other sufficient security, if required by the judge; and when the office is thus vacated, the responsibility of the sureties cease.

J. LAMBORN, Attorney General, for the plaintiff.

. W. A. MINSHALL, for the defendants.

SCATES, Justice, delivered the opinion of the Court:

THIS is an original action of *debt*, instituted in this Court, by the plaintiff, for the use of the people, against the defendants, upon the official bond of Thomas Haydon, sheriff of Schuyler county, for the recovery of $10,000, the penalty in the bond. The declaration avers a breach in the condition of the bond, that Thomas Haydon, as sheriff, received $415.21, for taxes on lands listed in the said county, for the year 1835, and lying in other counties in the State, which he failed to pay over. The declaration avers, that on the 1st day of September, 1834, the date of the bond, the clerk of the Circuit Court of said county approved of said bond, there being no Circuit Court to be held in said county within thirty days after said clerk gave notice to said Thomas Haydon, of the receipt of his commission, as sheriff.

To this declaration there are four pleas, upon all of which, except the first, an issue of fact is made. The first plea avers, that said bond was not presented to, or approved by, the judge of the Schuyler Circuit Court, at the next or any succeeding term thereof; and " that said Thomas Haydon, by virtue of his office, as sheriff of Schuyler county, did not receive any taxes on lands listed in the said county of Schuyler, and lying in other counties in the State of Illinois, between the time of said writing obligatory supposed, and the end of the next term of the Schuyler Circuit Court." To this plea, the plaintiff demurs generally.

By the first section of "*An Act concerning Sheriffs and Coroners,*" (1) it is provided that the Governor shall commission sheriffs elect, to continue in office for two years, and that the Secretary of State shall transmit such commission to the clerk of the Circuit Court of the proper county, whose duty it shall be to give immediate notice to such sheriff, of the receipt of his commission. By the second section, every sheriff on receiving notice of his commission, shall, within thirty days thereafter, enter into a bond with the people of the State of Illinois, with good and sufficient security, to be approved of by the judge of the Circuit Court of his county, at the term next after the date of such bond, in the penal sum of ten thousand dollars, conditioned, &c., and shall also, at the time of giving such bond, take and subscribe before the clerk of the Circuit Court, the several oaths required by law; and an oath for the faithful performance of the duties of his office, provided, that if no Circuit Court shall be held within thirty days after such notice of commission, the clerk may approve the bond, which shall, in that case, be good and valid until the end of the next succeeding Circuit Court.

(1) R. L. 573; Gale's Stat. 652.

The third section provides, that the bond and oaths so taken, shall be filed and recorded by said clerk; "and a certified copy of such bond, under the seal of the Court, shall be evidence in all courts in this State."

The fourth section provides, among other things, "if any bond, approved by the clerk as aforesaid, shall be disapproved by the judge of the Circuit Court," and he "shall not, during the term of the Court, procure such security as the judge shall approve," in such case the office shall be deemed vacant; of which the clerk shall notify the Governor, and he shall issue a writ of election. The question submitted, upon this demurrer is, whether it is necessary to aver in the declaration, that the bond was presented to, and approved by, the judge, at the next succeeding term of the Schuyler Circuit Court. A proper construction of these provisions will resolve the question.

It is a rule in the construction of statutes, that all the provisions are to be taken together, in ascertaining the intention of the lawgiver. If we look to the enacting clause and proviso of the second section only, the construction contended for by the defendants, would seem to be the true one, as it provides within what time, and before whom, the bond shall be given and approved, with a proviso of a second person to approve it, in the event the first shall not be there officially within the time, and in the latter event, giving it validity for a determinate period. But, when we contemplate all these provisions together, we are led to the conclusion, that the mind and intention of the lawgiver were to provide, not only for the mode of qualification and investiture of the officer, but more particularly for vacating the office. The notice in the first section points to that event, as provided for in the fourth section, on his neglect or refusal to enter into the bond, and take the oaths, within the time required. Again, in the second section, the enacting clause lays down the general rule for giving bonds, to which the proviso forms an exception; and another rule, to wit: that the clerk may approve the bond within thirty days, giving the bond, under the rule in the exception, validity, at all events, for a determinate period, the end of the next term, whether disapproved before that time or not, and if not disapproved, continuous validity. It is to be observed that the disapproval, not a want of approval, makes, not the bond void, but the office vacant.

The bond does not become void, therefore, by a failure to have a formal approval, but, by disapproval the period covered by its condition ceases.

The third section makes a certified copy of such bond, as well that approved by the clerk, as by the Circuit judge, evidence.

Again: The same enacting clause, of the second section, requires the sheriff elect, at the time of giving the bond, to take and subscribe the several oaths. After the due execution and delivery of the bond, by the sheriff and his sureties, would any one contend

that it becomes void, by a failure to take and subscribe the several oaths, either at that time or any other? Such, we apprehend, would not be the effect of his neglect. Until his complete qualification and investiture of the office, official time, during which his acts would be covered by the conditions of his bond, so as to charge his sureties, would not commence running; and his neglect would vacate the office, so as even to prevent its commencement. But it would not affect the obligation of the contract. Until complete qualification and investiture, the law would regard no act as in performance, or violation of its conditions. But when official time once commences, in which the acts of the individual shall be regarded as official, in performance or violation of the condition, how shall it be stopped? By vacating the bond? We apprehend not; but by vacating the office. There are but two modes provided in the fouth section, for doing this; one by an affirmative act of the judge, in disapproving the bond; and the other, by a failure of the sheriff to procure other sufficient security, if required by the judge, and by either of which, official time would cease, together with responsibility on the part of the sureties, for official acts of their principal.

These being modes of avoidance of responsibility, under the conditions of the bond, need not be negatived in the declaration, but should be pleaded.

We are, therefore, of opinion that the law is with the plaintiff.
*Demurrer sustained.*